UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
UNITED STATES OF AMERICA,


       -v-                                                                            Case No. 04-CR-690 (SAS)


    MICHAEL YANNOTTI,

              Defendant.

---------------------------------------------------------------X




# MOTION FOR COMPASSIONATE RELEASE UNDER THE FIRST STEP ACT ON BEHALF OF DEFENDANT MICHAEL YANNOTTI

Joseph R. Corozzo
Rubinstein & Corozzo, LLP
*Attorneys for the Defendant*
*Michael Yannotti*
260 Madison Ave., 22nd Fl.
New York, New York 10016
(212) 545-8777 (ph)
(917) 722-8206 (fax)
Angela D. Lipsman, Esq.
On the Memorandum

MEMO ENDORSEMENT

The application for compassionate release is denied. Yannotti was convicted at trial of a conspiracy to commit racketeering, and on November 13, 2006, Judge Shira Scheindlin sentenced him to 240 months' imprisonment. (Sentencing Tr. (Dkt. No. 290) at 37) According to the BOP website, Yannotti is currently being held at a prison camp located at FCI-Ashland, with a projected release date of September 29, 2021.

Yannotti contends that he is entitled to compassionate release pursuant to 18 U.S.C. § 3582 because of risks to his health presented by the COVID-19 virus, as he suffers from asthma, cardiovascular disease, and hypertension, and is 57 years old. (Jul. 31, 2020 Def. Mot. (Dkt. No. 318) at 15-16; Sept. 1, 2020 Def. Ltr. (Dkt. No. 326) at 3-5) While these pre-existing conditions make Yannotti more susceptible to the COVID-19 virus, and would cause him to have a worse prognosis if he were to become infected, FCI-Ashland has no active cases among inmates as of September 1, 2020, according to the BOP's website.

Moreover, to grant compassionate release, a court must find "that such a [sentence] reduction is consistent with applicable policy statements issued by the Sentencing Commission," 18 U.S.C. § 3582, as set forth in Section 1B1.13 of the Sentencing Guidelines, which requires a court to find that "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(1)(A). Here, the record indicates that Yannotti would present a danger to the community if he were released. At sentencing, Judge Scheindlin found that Yannotti was responsible for the kidnapping and attempted murder of Curtis Sliwa. (Sentencing Tr. (Dkt. No. 290) at 22) Judge Scheindlin also noted that Yannotti "has been a long time associate and member" of the Gambino crime family and "had engaged in many crimes in furtherance of the illegal enterprise, including murder, attempted murder, kidnapping, construction industry extortion, loan sharking and securities fraud." (Id. at 33) Judge Scheindlin concluded that "the public does need protection from" Yannotti, and sentenced him to a term of imprisonment within the applicable Guidelines range of 210 to 240 months' imprisonment. (Id. at 24, 35, 37)

In sum, while Yannotti may suffer from pre-existing conditions that make him more susceptible to the COVID-19 virus – given the favorable conditions at FCI-Ashland – this risk is outweighed by compelling evidence that Yannotti's release at this time would compromise the safety of the community.

For these reasons, Yannotti's application for compassionate release is denied. See United States v. Eric Fernandez, No. 12-CR-844 (AJN), 2020 WL 3034799, at *3 (S.D.N.Y. June 5, 2020) (denying compassionate release motion of 51-year-old Fort Dix inmate with hypertension and diabetes in part because he "played a significant role in trafficking a very large amount of cocaine"). A copy of this memo endorsement will be mailed to Defendant by Chambers.

SO ORDERED.

*Paul G. Gardephe* (signature)

Paul G. Gardephe
United States District Judge
September 1, 2020